**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:  : | Bankruptcy No: 21-13132-amc |
| Joseph J. O'Donnell and Cheryl Lovenstein  : | Chapter 13 |
| a/k/a Cheryl O'Donnell  : | |
|  : | |
| Debtors  : | |

## ANSWER OF ALLIED MORTGAGE GROUP INC. C/O BSI FINANCIAL SERVICES IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM

Allied Mortgage Group, Inc. c/o BSI Financial Services ("Respondent"), by and through its undersigned counsel, Pincus Law Group, PLLC, hereby submits this Answer in Opposition ("Answer") to Debtors Joseph J. O'Donnell and Cheryl Lovenstein a/k/a Cheryl O'Donnell's ("Debtors") Objection to Proof of Claim ("Objection"), and in support thereof, avers as follows:

1. Denied. It is specifically denied that Respondent's Proof of Claim no. 4 (the "Claim") is entirely incorrect and inaccurate. Records supporting the calculation of Respondent's Claim, which were taken from the business records kept in the ordinary course of Respondent's business, are attached to the Claim. A true and correct copy of the filed Claim is attached hereto as Exhibit "A."

2. Denied. The pre-petition fees, costs due in the amount of $30,286.66 is accurate. A breakdown of the calculation of the pre-petition fees, costs due is located on pages 8-9 and 48-52 of Exhibit "A," Respondent's Claim

3. Denied. The pre-petition escrow advances in the amount of $30,286.66 is accurate. A breakdown of the calculation of the pre-petition escrow advances is located on pages 10-14 of Exhibit "A," Respondent's Claim.

4. Admitted in part, denied in part. It is admitted that Respondent filed a Proof of

Claim in the Debtors' 2019 bankruptcy in the amount of $104,230.49. It is further admitted that the Debtors' 2019 bankruptcy was dismissed in June 2020 for failure to make plan payments. A true and correct copy of the docket of the Debtors' 2019 bankruptcy is attached hereto as Exhibit "B." It is further admitted that Respondent's Claim filed January 7, 2022, nearly three (3) years after the Debtors' February 2019 bankruptcy, is in the amount of $144,199.20. The remainder of this averment is denied as vague and ambiguous. By way of further answer, the Covid-19 pandemic did not result in a moratorium on the accrual of interest, fees, costs, and advances for insurance and taxes made by mortgage lenders to protect their security interest. Additionally, the Debtors failed to cure the default on their mortgage loan owed to Respondent in their prior bankruptcy, leaving amounts due and owing from the prior bankruptcy into the instant bankruptcy matter.

5. Denied as stated. Respondent's Proof of Claim filed in Bankruptcy No. 19-11165 is a document that speaks for itself. Attached hereto as Exhibit "C" is Respondent's complete Proof of Claim no. 10 filed in the prior bankruptcy.

6. Denied as stated. Respondent's Claim is a document that speaks for itself. *See* Ex. "A."

7. Denied. It is specifically denied that Respondent's Claim seeks an exorbitant amount of fees or that said fees are not justified. A breakdown of the fees is provided in Respondent's Claim, and paragraph 8(E) of the underlying note and paragraph 14 of the underlying mortgage provide that the borrowers shall pay for all reasonable costs incurred in enforcing the note and mortgage and protecting the security interest in the subject property, including attorneys' fees, property inspections, valuation fees, and other reasonable costs. *See* Exhibit "A."

8. Denied. It is specifically denied that the amount of the escrow advances to be repaid by the Debtors in Respondent's Claim is excessive. A breakdown of the escrow advances

is provided in Respondent's Claim, and paragraphs 4, 5, and 9 of the underlying mortgage provide that the lender may make advances, to be repaid by the borrowers, to protect its security interest in the subject property, including paying hazard insurance premiums and real estate taxes.

**WHEREFORE**, Respondent Allied Mortgage Group, Inc. c/o BSI Financial Services respectfully requests that this Honorable Court overrule the Debtors' objection to Respondent's Claim and allow the Claim in its entirety.

Respectfully submitted,

Dated: January 26, 2022     **PINCUS LAW GROUP, PLLC**

By:     /s/ Alicia Sandoval
Alicia Sandoval, Esquire
2929 Arch Street
Philadelphia, PA 19104
Telephone: 516-699-8902
Fax: 516-279-6990
Email: asandoval@pincuslaw.com